IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN EARL NOLLEY, 830278,<br>   Petitioner,<br><br>v.<br><br>JUDICIAL LAW ASSISTANCE SERVICE,<br>   Respondent. | )<br>)<br>)<br>)  No. 3:06-CV-1718-D<br>)  ECF<br>)<br>) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS:**

**Type of Case:** This is a petition for writ of mandamus filed by a state inmate.

**Statement of the Case:** Petitioner filed a tort claim in state court. He seeks an order requiring the state court judge to order the defendant to reply to his claims. Petitioner also seeks an order requiring the state court to rule on his motion to reinstate his claims.

**Discussion:**

As a prisoner seeking redress from an officer or employee of a governmental entity, petitioner's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A provides for *sua sponte* dismissal if the Court finds the complaint frivolous or if the complaint fails to state a claim upon which relief may be granted. A claim is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**

granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986).

Federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, Dekalb County Sup. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973). In this case, Petitioner seeks only mandamus relief. He alleges the state court failed to rule on his motions and he seeks an order compelling the state court to act. This Court is without power to enter such an order. The petition therefore lacks an arguable basis in law and should be dismissed with prejudice as frivolous pursuant to 1915A(b)(1). *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties).

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that the petition be dismissed with prejudice as frivolous under 28 U.S.C. § 1915A(b).

Signed this 17th day of October, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Petitioner.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court.   See Thomas v. Arn, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).